# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CLIFF O. HANSON,

    Petitioner,

vs.                                            Case No. 4:12cv207-MP/CAS

LARRY CAMPBELL and
MICHAEL D. CREWS, as Secretary
of Florida Department of Corrections,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On April 25, 2012, Petitioner Cliff O. Hanson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner filed an amended petition on June 18, 2012. Doc. 5. Petitioner challenges his judgment and sentence imposed by the Second Judicial Circuit Court, Leon County, on April 26, 2008, following a plea of nolo contendere to the charge of aggravated assault with a deadly weapon without intent to kill, contrary to section 784.021(1)(a), Florida Statutes in case number 2006-CF-3827A1. Doc. 5 at 1; *see* Doc. 23 Exs. E and F. On April 26, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely and for lack of

subject matter jurisdiction, with exhibits. Doc. 23 Exs. A-Z, AA-BB, AAA-QQQ.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

On October 17, 2006, in Leon County Circuit Court case number 2006-CF-3827A1, the State of Florida charged Petitioner by Information with one count of aggravated assault with a deadly weapon, contrary to 784.021(1)(a), Florida Statutes, in connection with events that took place on September 23, 2006. Doc. 23 Exs. B-D. Petitioner entered a plea of nolo contendere on February 23, 2007, with adjudication withheld. Doc. 23 Exs. E and F. Petitioner was sentenced to 101 days in Leon County Jail, with credit for 101 days served, and twelve months of probation. *Id.*

On March 1, 2007, Petitioner filed a motion to withdraw his plea. Doc. 23 Ex. G. The circuit court denied the motion on March 8, 2007. Doc. 23 Ex. H. On March 22, 2007, Petitioner filed a second motion to withdraw his plea, Doc. 23 Ex. I, which the circuit court denied on April 16, 2007, Doc. 23 Ex. J.

On May 18, 2007, the Department of Corrections filed an affidavit for violation of Petitioner's probation, based on a new law offense of damage to property, contrary to section 806.13(1)(b)i., Florida Statutes. Doc. 23 Exs. K and L.

In June 2007, Petitioner appealed the circuit court order denying the motion to withdraw his plea. Doc. 23 Ex. M. Petitioner filed an amended notice of appeal on July 19, 2007. Doc. 23 Ex. O. The First District Court of Appeal (DCA) per curiam dismissed the case on January 28, 2008. Doc. 23 Ex. R; Hanson v. State, 973 So. 2d 1128 (Fla. 1st DCA 2007) (table). The mandate issued February 25, 2008. Doc. 23 Ex. S; *see* online docket for 1D07-3380 at www.1dca.org.[1]

On July 12, 2007, Petitioner filed another motion in circuit court to withdraw his plea. Doc. 23 Ex. U. The circuit court denied the motion on July 31, 2007. Doc. 23 Ex. V. On August 14, 2007, the circuit court revoked Petitioner's probation, found Petitioner guilty of the charge of assault with a deadly weapon, and sentenced Petitioner to a new one-year term of probation and ninety days in prison, with credit for 89 days served. Doc. 23 Ex. W.

On June 30, 2008, the Florida Department of Corrections filed another affidavit for violation of Petitioner's probation, in connection with events occurring on June 26, 2008. Doc. 23 Ex. X.[2] The violation of Petitioner's probation was based on a new law

---

[1] On June 18, 2007, Petitioner filed a previous § 2254 petition in this court, assigned case number 4:07cv287-RH/WCS. In the § 2254 petition, Petitioner alleged ineffective assistance of counsel, denial of his constitutional right to a fair and speedy trial, involuntary plea of nolo contendere, and violation of his plea agreement. *See* case number 4:07cv287-RH/WCS, Doc. 1 at 4-5. This Court dismissed the § 2254 petition without prejudice on January 9, 2008, in order to allow Petitioner to exhaust the remedies available in state court. *See id.*, Docs. 7, 9.

[2] Respondent refers to an affidavit from July 9, 2007, based on a violation of probation, but the exhibit referred to in Respondent's motion to dismiss appears to be a duplicate of another affidavit in the Record. *See* Doc. 23 Exs. T, X; *see also* Doc. 23 at 2.

violation of aggravated assault with intent to commit a felony. Doc. 23 Exs. X and Y. On August 26, 2008, the court revoked Petitioner's probation, and Petitioner was sentenced to seventeen months in prison, with credit for 252 days served. Doc. 23 Exs. Z and AA. Petitioner did not timely appeal, and his conviction became final thirty days later on September 25, 2008.

On December 8, 2008, Petitioner filed a petition for belated appeal in the First DCA, assigned case number 1D08-5996. Doc. 6 at 2. The First DCA dismissed the petition on January 26, 2009. Doc. 23 Ex. FF; *see* online docket for 1D08-5996 at www.1dca.org.

On February 2, 2009, Petitioner filed a "Petition for Indictment" of his arresting officer and appointed counsel and a "Demand for Discharge" in case number 2006-CF-3827A1. Doc. 23 Exs. GG and HH. The circuit court dismissed both the petition for indictment and the demand for discharge on February 10, 2009. Doc. 23 Exs. II and JJ.

On March 23, 2009, Petitioner filed another petition for belated appeal in the First DCA in case number 1D08-5996. Doc. 23 Ex. LL. The First DCA appointed a Special Master to Petitioner's case, and a hearing was held on April 21, 2009. Doc. 23 Ex. QQ. The Special Master issued an order on April 22, 2009, denying Petitioner's entitlement to a belated appeal. Doc. 23 Ex. RR. The First DCA denied Petitioner's motion for a belated appeal on June 3, 2009. Doc. 23 Ex. TT; Hanson v. State, 18 So. 3d 615 (Fla. 1st DCA 2009). Petitioner filed a motion for rehearing and motion for certification on June 18, 2009, both of which the First DCA denied on July 9, 2009. Doc. 23 Exs. UU-WW; *see* online docket for 1D08-5996 at www.1dca.org.

On May 3, 2012, Petitioner filed a state petition for writ of habeas corpus with the Florida Supreme Court, assigned case number SC12-984. Doc. 23 Exs. XX and YY. On July 23, 2012, the Florida Supreme Court transferred the petition to the circuit court, for consideration as a motion pursuant to Federal Rule of Criminal Procedure 3.800(a). Doc. 23 Ex. ZZ; *see* online docket for SC12-984 at www.floridasupremecourt.org. The circuit court treated the petition as a motion pursuant to Florida Rule of Criminal Procedure 3.850, and denied the motion by order dated September 10, 2012. Doc. 23 Ex. BBB 14-15.

The First DCA docket reflects two appeals of the denial of a Rule 3.850 motion. *See* online dockets for 1D12-3943 and 1D12-4746 at www.1dca.org. Petitioner filed the first appeal on August 13, 2012. Doc. 23 Ex. HHH; *see* online docket for 1D12-3943 at www.1dca.org. On October 23, 2012, the First DCA dismissed Petitioner's appeal. Doc. 23 Ex. LLL. At Petitioner's request, the First DCA reinstated Petitioner's appeal on November 28, 2012. Doc. 23 at MMM-OOO. On February 8, 2013, the First DCA per curiam affirmed the case without opinion. Doc. 23 Ex. PPP; Hanson v. State, 107 So. 2d 409 (Fla. 1st DCA 2013) (table). The mandate issued on March 6, 2013. Doc. 23 Ex. PPP.

Petitioner filed a second appeal of the Rule 3.850 motion to the First DCA on or about October 3, 2012, assigned case number 1D12-4746. *See* Doc. 23 Ex. CCC; *see also* online docket at www.1dca.org. On January 29, 2013, the First DCA per curiam affirmed the case without opinion. Doc. 23 Ex. EEE; Hanson v. State, 106 So. 3d 931

(Fla. 1st DCA 2013) (table). The mandate issued on February 26, 2013. Doc. 23 Ex. FFF.

Prior to filing his petition for writ of habeas corpus with the state court, Petitioner filed this § 2254 petition in this Court on April 25, 2012. Doc. 1. Petitioner filed an amended § 2254 petition on June 18, 2012. Doc. 5. Petitioner asserts that his conviction for aggravated assault with a deadly weapon in case number 2006-CF-3827A1 was unconstitutional and that it served as the basis for his conviction as a felon in possession of a firearm, the crime for which he is currently in state custody, pursuant to case number 2011-CF-2478A1. *Id.* On April 26, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely and for lack of subject matter jurisdiction, with exhibits. Doc. 23 Ex. A-Z, AA-BB, AAA-QQQ. Petitioner filed a response to Respondent's motion to dismiss on June 3, 2013. Doc. 28.

## Analysis

On May 16, 2009, Petitioner was released from his conviction for aggravated assault with a deadly weapon in connection with case number 2006-CF-3827A1.[3] He is currently incarcerated for a new, separate conviction of felon in possession of a firearm in case number 2011-CF-2478A1 for an offense occurring April 4, 2011.[4] Petitioner

---

[3] The Department of Corrections website reflects that Petitioner was released from custody on May 16, 2009, for his conviction of aggravated assault with a deadly weapon. *See* DOC case number 1101748 at www.dc.fl.state.us.

[4] On March 9, 2012, Petitioner was sentenced to four years in custody for the charge of felon in possession of a firearm. Petitioner is currently being held at the Graceville Correctional Facility and is scheduled to be released on April 29, 2015. *See* DOC case number 1101748 at www.dc.fl.state.us.

indicates in his amended § 2254 petition that he challenges only 2006-CF-3827A1 (aggravated assault with a deadly weapon without intent to kill). *See* Doc. 5 at ECF 12 (handwritten statement in left margin). Therefore, this Court makes no determination on the validity of the sentence in case number 2011-CF-2478A1.

Respondent argues that the § 2254 petition is untimely and should be dismissed. *See* Doc. 23 at 7-10. Respondent's argument is well-taken. Petitioner's § 2254 petition may be dismissed as barred by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1).

The AEDPA one-year limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).

In this case, as indicated above, Petitioner was sentenced on August 26, 2008. Doc. 23 Ex. AA. Petitioner's conviction became final thirty days later, on September 25, 2008, because he did not timely appeal the judgment and sentence. Therefore, absent

any tolling, Petitioner had until September 25, 2009, to file his federal habeas corpus petition.

Petitioner's one-year limitations period began on September 25, 2008. Petitioner filed two belated petitions for appeal in state court. *See* Doc. 23 Exs. KK and LL. The First DCA dismissed Petitioner's first filing on January 26, 2009, Doc. 23 Ex. FF, and denied Petitioner's second filing on June 3, 2009, Doc. 23 Ex. TT. Respondent argues that Petitioner's belated petitions for appeal were not properly filed petitions pending before the state court and that, therefore, Petitioner's filings do not serve to toll the AEDPA limitations period. *See* Doc 23 at 9. Under this view, Petitioner's one-year limitations period began to run on September 25, 2008, and expired 365 days later on September 25, 2009. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, by the time Petitioner filed his § 2254 petition in this Court, Petitioner's one-year AEDPA period had expired.

Even assuming Petitioner's AEDPA time was tolled during the pendency of both of his petitions for belated appeal, the instant § 2254 petition is still untimely. Under this view, the AEDPA clock ran beginning September 25, 2008, for 74 days until December 8, 2008, when Petitioner filed his petition for belated appeal in the First DCA. Doc. 6 at 2. The AEDPA time was tolled until the First DCA dismissed that petition on January 26, 2009. Doc. 23 Ex. FF; *see* Miller v. Crosby, 180 F. App'x 126, 129 (11th Cir. 2006) (explaining that state appellate court dismissed petition for belated appeal "and the limitations period resumed on the following day"). The AEDPA clock started again on January 27, 2009, and ran for 56 days until Petitioner filed his second petition for belated appeal on March 23, 2009. Doc. 23 Ex. LL. The First DCA denied Petitioner's motion on June 3, 2009, Doc. 23 Ex.TT, and denied rehearing on July 9, 2009, Doc. 23 Ex. UU. Under this view, the AEDPA clock started again on July 10, 2009, and ran for another 235 days until it expired on March 1, 2010.

As indicated above, Petitioner did not file anything else concerning this conviction until April 25, 2012, when he filed a § 2254 petition in this Court, after the AEDPA time had expired. *See* Doc. 5; *see also* Doc. 23 Ex. WWW. Although Petitioner filed subsequent petitions in state court after filing his § 2254 petition, those motions do not have any bearing on the timeliness of his § 2254 petition because they were filed after the AEDPA limitations period had expired. *See* Webster v. Moore, 255 F3d 1331, 1334 (11th Cir. 2001) ("A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In his reply to Respondent's motion to dismiss, Petitioner argues that he is entitled to equitable tolling. *See* Doc. 28 at 2. Petitioner bears the burden of establishing entitlement to equitable tolling. *See* Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); *see also* Justice v. United States, 6 F.3d 1474,1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted."). Petitioner did not demonstrate his entitlement to equitable tolling or application of any other exception to the time bar. Petitioner asserts that although his petition may be untimely, it should be considered by this Court because he was unable to receive the full transcripts of his sentencing hearing from the State. *See id.* This argument should be rejected. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Petitioner did not demonstrate any "extraordinary circumstances" that would make equitable tolling appropriate for his petition. *See id.* Additionally, on June 3, 2009, the First DCA denied rehearing on Petitioner's latest petition for belated appeal. Doc. 23 Ex. TT. Nearly three years passed before Petitioner filed his § 2254 petition in this Court on April 25, 2012. Doc. 1. Petitioner has not acted with diligence in filing this petition and, therefore, did not demonstrate why it should not be denied for untimeliness.

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss (Doc. 23) should be granted, and the amended § 2254 petition (Doc. 5) should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[5] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

---

[5] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 23) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (Doc. 5) be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2013.

        s/ Charles A. Stampelos  
        **CHARLES A. STAMPELOS**  
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**